Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ELOY A. ROLE,** <br><br> Plaintiff, <br><br> v. <br><br> **PSE&G,** <br><br> Defendant. | Civil Action No.: 25-0426 (ES) (SDA) <br><br> OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Eloy A. Role's ("Plaintiff") motion to alter or amend the Court's February 28, 2025 Order pursuant to Federal Rule of Civil Procedure 59(e) (D.E. No. 7 ("February 28 Order")) denying his motion for temporary restraining order ("TRO") (D.E. No. 5).  (D.E. No. 8 ("Motion")).[1]  The Court has considered Plaintiff's submissions and decides the matter without oral argument.  *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).  For the reasons stated below, the Court **DENIES** the Motion and will allow Plaintiff thirty (30) days to file an amended complaint to cure the jurisdictional deficiencies identified in the February 28 Order.

---

[1] All pin citations to the Motion are to the page numbers automatically generated by the Court's CM/ECF Case Management System.  In addition, although the Motion is styled as a "Motion for Reconsideration," it is untimely under Local Civil Rule 7.1(i), under which a party may file a motion for reconsideration within 14 days of entry of the original order or judgment.  However, under Rule 59(e), a party may move to "alter or amend a judgment . . . no later than 28 days after the entry of the judgment."  Moreover, under Rule 60(b), a party may move to "relieve a party . . . from a final judgment, order, or proceeding" for certain enumerated reasons within "a reasonable time" after the entry of the judgment.  As between Rule 59(e) and Rule 60(b), the distinction typically turns on whether the motion is filed within the time specified by Rule 59(e).  *See New Castle Count v. Hartford Accident & Indem. Co.*, 933 F.2d 1162, 1176 (3d Cir. 1991).  Because Plaintiff filed the instant Motion on March 19, 2025—within 28 days of the entry of the Court's February 28 Order—it is timely under Rule 59(e).  In light of Plaintiff's *pro se* status, the Court construes the Motion as brought pursuant to Rule 59(e), as well as Rule 60(b).

## I. BACKGROUND

The Court summarizes the relevant procedural history and incorporates the recitation of facts as stated in its February 28 Order. (*See generally* D.E. No. 7). This case arises out of a civil action brought by Plaintiff on January 13, 2025, against defendant PSE&G ("Defendant") for "intentional infliction of emotional distress," "harassment," "theft by extortion," and "conversion." (D.E. No. 1 ¶¶ 16–25). On February 18, 2025, Plaintiff moved for a TRO against Defendant. (D.E. No. 5). On February 28, 2025, the Court denied Plaintiff's TRO based on its review of the Complaint for failure to establish either federal question or diversity jurisdiction. (D.E. No. 7 at 3–4). Consequently, the Court closed this matter for lack of subject matter jurisdiction. (*Id.* at 4).

On March 19, 2025, or 19 days later, Plaintiff filed the instant Motion. (D.E. No. 8). In addition to the Motion, Plaintiff filed two copies of an identical letter seeking to clarify the "addresses (domicile)" of Defendant and Plaintiff. (D.E. Nos. 10 & 12).

## II. LEGAL STANDARDS

Pursuant to Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *See Pellicano v. Blue Cross Blue Shield Ass'n*, 540 F. App'x 95, 97 (3d Cir. 2013). Relief should be granted "sparingly" under Rule 59(e) because "reconsideration of a judgment after its entry is an extraordinary remedy." *NL Indus., Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). The scope of such a motion "is extremely limited"; it is not "an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *see also*

*Pellicano*, 540 F. App'x at 98.

Rule 60(b) permits a district court "to relieve a party from a 'final judgment, order, or proceeding.'" *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016). Rule 60(b) provides the following six bases for reconsideration:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Although motions for reconsideration under [Rules] 59(e) and 60(b) serve similar functions, each has a particular purpose." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). Rule 59(e) generally serves as a "'device to relitigate the original issue' decided by the district court, and [is] used to allege legal error." *Id.* (citations omitted). Whereas a motion under Rule 60(b) is within the district court's sound discretion, *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), and may be granted only in extraordinary circumstances, *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). Thus, Rule 60(b) cannot "'be used as a substitute for an appeal." *Fiorelli*, 337 F.3d at 288 (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). Moreover, "legal error, without more' does not warrant relief under [Rule 60(b)]." *Id.* (quoting *Smith*, 853 F.2d at 158). The movant bears the burden to establish a right to relief under either Rule. *See Harrison v. Coker*, 587 F. App'x 736, 740–41 (3d Cir. 2014); *Cox v. Horn*, 757 F.3d 113, 123 (3d Cir. 2014) (citing *Mayberry v. Maroney*, 558 F.2d

3

1159, 1163 (3d Cir. 1977)).

### III.   DISCUSSION

As best as this Court can decipher, Plaintiff states he "was not a citizen of the State of . . . New Jersey" and "assumed that since he was invoking diversity of jurisdiction[,] the Court could figure out that [he] was a citizen of one of the States of [t]he Union." (D.E. No. 8 at 3).  Plaintiff then maintains that he has some connection to the State of Florida, noting that he "is in Newark, . . . acting as a nurse and a housekeeper for his [w]ife" who "suffered a catastrophic accident in Hollywood, Florida on January 5, 2023." (*Id.*).  He then claims that he visited various hospitals in Florida, New Jersey, and New York. (*Id.*).  Notwithstanding these assertions, Plaintiff never explicitly states that he is a resident of either Florida or New York. (*See generally id.*).

In Plaintiff's subsequent letters to the Court, he asserts that he is a "resident of the State of Florida" and "neglected in his Complaint and [TRO] [to state] his address in the State of Florida." (D.E. Nos. 10 & 12).  Nonetheless, these letters do not contain a Florida address for Plaintiff (*see* D.E. Nos. 10 & 12), and the docket continues to reflect an address for Plaintiff in Newark, New Jersey.  In addition, Plaintiff states Defendant has two addresses, including one for business and one for service of process, without specifically identifying those different addresses. (D.E. Nos. 10 & 12).

Thus, Plaintiff still fails to establish subject matter jurisdiction and Plaintiff likewise has not identified any intervening change in the controlling law, new evidence that was unavailable at the time this Court entered its order, or an error of fact or law that, if left uncorrected, would result in manifest injustice.  Accordingly, Plaintiff's Motion must be denied.  *See Francis v. Felder*, No. 19-7246, 2024 WL 1533312, at *1 (D.N.J. Apr. 9, 2024) (rejecting plaintiff's motion for reconsideration because it failed to satisfy Rule 59(e) requirements).  Furthermore, Plaintiff's

4

Motion does not provide information satisfying any of the six bases for Rule 60(b) reconsideration. (*See generally* D.E. No. 8). For these reasons, Plaintiff's Motion—whether brought under Rule 59(e) or 60(b)—is **DENIED**. *See, e.g.*, *Fung v. Wells Fargo Bank*, No. 22-1099, 2022 WL 1617659, at *7 (D.N.J. May 23, 2022) (denying motion for reconsideration under Rules 59(e) and 60(b) and noting that the court "still lack[ed] subject matter jurisdiction over th[e] action"); *Briley v. Holder*, No. 14-0193, 2015 WL 2238636, at *1–2 (W.D. Pa. May 12, 2015) (same).

Despite Plaintiff's failure to meet his burden under Rules 59(e) or 60(b), the Court will provide Plaintiff an opportunity to file an amended complaint to cure the jurisdictional deficiencies identified in the February 28 Order.[2]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**. Plaintiff may file an amended complaint curing the jurisdictional deficiencies outlined in the Court's February 28 Order within thirty (30) days. An appropriate Order accompanies this Opinion.

**Dated:** April 21, 2025

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] The Court's February 28 Order *sua sponte* closed the instant case based on its review of the Complaint for lack of subject matter jurisdiction. The Court clarifies that the dismissal of both the Complaint and the TRO was *without prejudice* for lack of subject matter jurisdiction. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" (quoting *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977))). Nothing herein should it be construed to preclude Defendant from moving to dismiss any forthcoming amended complaint for lack of subject matter jurisdiction, assuming proper service of process.